United States District Court
Southern District of Texas
**ENTERED**
May 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOAQUIN WHATLEY, (Inmate # 02062251) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-1534 |
| ED GONZALEZ, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Joaquin Whatley, (Inmate # 02062251), is a pretrial detainee in the Harris County Jail. Representing himself, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 that appears to ask the court to dismiss the state criminal charges pending against him. (Docket Entry No. 1). He also filed a motion to proceed without prepaying the filing fee. (Docket Entry No. 4). After considering the petition and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the court dismisses Whatley's petition and denies his motion to proceed without prepaying the filing fee. The reasons are explained below.

**I.     Background**

Publicly available records show that Whatley is currently in jail on several serious criminal charges. *See* Harris County District Clerk, available at www.hcdistrictclerk.com (last visited May 16, 2023). On April 20, 2023, he filed a petition for a writ of habeas corpus, alleging that the state trial court is violating his constitutional rights by keeping him in jail following an illegal arrest based on insufficient evidence. (Docket Entry No. 1, pp. 6-12). He alleges that the evidence

---

[1]Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

shows that he is not guilty of any of the charged offenses and that the case against him would have already been dismissed if he was represented by competent counsel. (*Id.* at 5). Whatley appears to ask this court to order the state court to dismiss the indictments against him and release him from jail.

II.     Discussion

    A.     Exhaustion

A state pretrial detainee's habeas corpus claims based on alleged federal constitutional violations are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a pretrial detainee may not use federal habeas petitions to interfere with "the normal functioning of a state's criminal processes." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). To avoid interference with pending state criminal proceedings, federal habeas relief is not available to "dismiss an indictment or otherwise prevent a prosecution." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

In addition, before being entitled to federal habeas relief, a state pretrial detainee must show that he has exhausted his available state remedies. *See Braden*, 410 U.S. at 489; *Dickerson*, 816 F.2d at 224. The exhaustion requirement prevents federal courts from exercising jurisdiction if the issues raised in the petition may be resolved either by a state-court trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *Brown*, 530 F.2d at 1284. State remedies are not exhausted so long as the petitioner has the opportunity to present his claims to the state courts by a currently available and adequate procedure. *See Braden*, 410 U.S. at 489. In short, a state pretrial detainee may not use a federal habeas petition as a substitute for litigating pretrial motions in the state court. *See Braden*, 410 U.S. at 493.

2

Construed liberally, Whatley's petition asks this court to dismiss the indictments against him because the charges are based on insufficient evidence. But insufficient evidence under state law is not a federal constitutional violation and will not support federal habeas relief before a state-court judgment is entered. *See, e.g., Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (federal habeas relief is not available if the threat to the petitioner's "federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court). If there is no credible evidence against Whatley, as he alleges, that issue will be resolved during a trial on the merits in the state trial court.

Whatley also claims that he was illegally arrested and that his appointed counsel is providing ineffective assistance. While these allegations might support a claim of a constitutional violation if proven, publicly available records show that Whatley has not yet exhausted his available state remedies as to these claims. *See* Harris County District Clerk, available at www.hcdistrictclerk.com (last visited May 16, 2023). Whatley may raise these claims in an application for a state writ of habeas corpus under article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies relief, Whatley may take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). State trial court records show that Whatley has done neither; he has not exhausted his available state remedies as to these claims.

Because Whatley has not yet presented the claims he raises in his federal habeas petition to the state courts, he has not exhausted his available state remedies. He may not disrupt the normal

functioning of the state criminal court by seeking to litigate his claims in federal court. His petition is dismissed without prejudice for lack of exhaustion.

### B. *Younger* Abstention

Even if Whatley had alleged proper federal habeas claims, this court would decline to exercise jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[2]

Whatley's claims meet all three requirements for abstention under *Younger*. Any decision by this court to enjoin Whatley's state prosecution would interfere with an ongoing state proceeding. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Whatley can raise his claims in the state-court proceedings and again on appeal if he is convicted. *See, e.g.,*

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Whatley's petition does not allege facts showing that any of these exceptions apply in this case.

*Friemel v. Sheriff, Gregg County*, Civil No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (*Younger* abstention is proper because the "petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.").

Whatley's claims meet the requirements for *Younger* abstention. Even if Whatley had alleged proper claims for federal habeas relief, the court would decline to exercise that jurisdiction under *Younger* and would dismiss this action.

###### C.     Motion to Proceed Without Prepaying the Filing Fee

Whatley has also filed a motion to proceed without prepaying the filing fee. (Docket Entry No. 4). Despite a specific request from the court, (Docket Entry No. 3), Whatley did not provide the court with a copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Instead, he sent a letter stating that he has requested the document but jail officials will not provide it to him, allegedly because he has been the victim of identity theft. (Docket Entry No. 5, p. 1). "[T]here is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997). The court cannot excuse Whatley from the statutory procedure specifically enacted to determine whether he is entitled to proceed without prepaying the filing fee. His motion to proceed without prepaying the filing fee is denied.

### III.    Conclusion

Whatley's petition filed under 28 U.S.C. § 2241 is dismissed without prejudice. His motion to proceed without prepaying the filing fee, (Docket Entry No. 4), is denied. Any other

5

pending motions are denied as moot. An order of dismissal is separately entered. A certificate of appealability will not be issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on May 31, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge